UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WILLIAM I. BABCHUK, M.D., AND WILLIAM I. BABCHUK, M.D., P.C. D/B/A COMPREHENSIVE MEDICAL IMAGING, | ) ) ) ) | |
| *Plaintiffs*, | ) ) | 1:13-cv-01376-JMS-DML |
| *vs.* | ) ) ) | |
| INDIANA UNIVERSITY HEALTH, INC., INDIANA UNIVERSITY HEALTH TIPTON HOSPITAL, INC., MICHAEL L. HARLOWE, JOELLEN SCOTT, CARL M. PAFFORD, DIANNA ANDREWS, KEVIN W. CONDICT, MICHAEL E. HARPER, AND RICHARD J. YOUNG, | ) ) ) ) ) ) ) | |
| *Defendants.* | ) | |

# ORDER

Presently pending before the Court is Defendants Indiana University Health, Inc. ("IU Health"), Indiana University Health Tipton Hospital, Inc. ("IU Health Tipton"), Michael Harlowe, Joellen Scott, Carl Pafford, Dianna Andrews, Kevin Condict, Michael Harper, and Richard Young's Motion to Dismiss Plaintiffs Dr. William Babchuk and William Babchuk, M.D., P.C.'s ("Comprehensive Medical Imaging") Complaint for lack of subject matter jurisdiction, [Filing No. 22], Plaintiffs' Request for Oral Argument, [Filing No. 32], and Plaintiffs' Motion to Strike, [Filing No. 33]. Although Defendants' Motion to Dismiss sought dismissal solely pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction, in their reply brief, they request that the Court alternatively treat their motion as one for dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court addresses the propriety of dismissal under each standard. For the reasons explained, the Court **DENIES** all three of the parties' motions.

# I.
## STANDARD OF REVIEW

### A.    Standard for Rule 12(b)(1) Motion

"Federal Rule of Civil Procedure 12(b)(1) allows a party to move to dismiss a claim for lack of subject matter jurisdiction." *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). The burden is on the plaintiff to prove, by a preponderance of the evidence, that subject-matter jurisdiction exists for his or her claims. *See Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003).

### B.    Standard for Rule 12(b)(6) Motion

The Federal Rules of Civil Procedure require that a complaint provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *See Active Disposal Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). A Rule 12(b)(6) motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## II.
### BACKGROUND

Plaintiffs allege that Defendants wrongfully terminated Dr. Babchuk's clinical privileges with IU Health Tipton without due process. [Filing No. 1, at ECF p. 1-2.] Specifically, IU Health Tipton's Peer Review Committee recommended that Dr. Babchuk be summarily suspended, and the chair of the Patient Care Review Committee, Mr. Pafford, "accepted the recommendation without any investigation." [Filing No. 1, at ECF p. 11-12.] Moreover, Plaintiffs allege that "Defendants' reports of Plaintiffs' summary suspension to the National Practitioner Data Bank and to the Office of the Indiana Attorney General Licensing Enforcement Unit contained false information and each of the Defendants knew the information was false when they submitted the reports." [Filing No. 1, at ECF p. 2.] Plaintiffs have alleged that Defendants are state actors because IU Health is allegedly formed and controlled by the Trustees of Indiana University, [Filing No. 1, at ECF p. 3], and because IU Health Tipton is a public hospital, [Filing No. 1, at ECF p. 3]. Plaintiffs allege the individual defendants are employees of these alleged public entities. [Filing No. 1, at ECF p. 5.] Based on these alleged violations of Dr. Babchuk's due process rights, Plaintiffs brought the instant § 1983 claim against Defendants. [Filing No. 1, at ECF p. 1-2.]

## III.
### DISCUSSION

Defendants originally sought dismissal of Plaintiffs' § 1983 claim only for lack of subject-matter jurisdiction under Rule 12(b)(1). [*See* Filing No. 22; Filing No. 24.] Defendants argue that jurisdiction is lacking because "Defendants are not state actors nor were they acting under color of state law during the peer review process." [Filing No. 24, at ECF p. 5.] Because

"[s]tate action is an essential element of a Section 1983 claim" and it does not exist here, say Defendants, "dismissal under [Rule] 12(b)(1) is proper." [Filing No. 24, at ECF p. 5.]

Plaintiffs respond that state action is an element of a § 1983 claim rather than a jurisdictional prerequisite, and thus its presence or absence is a determination on the merits rather than a jurisdictional one. [Filing No. 30, at ECF p. 2-3.] Relying on *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006), Plaintiffs contend that "on this basis alone, the Defendants' motion to dismiss under Rule 12(b)(1) must be denied." [Filing No. 30, at ECF p. 2-3.]

Plaintiffs are correct that whether there is state action is an element of their § 1983 claim rather than a limitation on the Court's jurisdiction over their claim. In *Arbaugh*, the Supreme Court made clear that "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character." 546 U.S. at 515. Nothing in the language of § 1983 ranks its state action requirement as jurisdictional. *See* 42 U.S.C. § 1983 ("Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ."). Indeed, the Seventh Circuit has explicitly held that state action is an element of a § 1983 claim, rather than a jurisdictional limitation. *See Hallinan*, 570 F.3d at 821 ("Proof of state action . . . is an element of [a § 1983] claim."). Because of this, dismissal for lack of state action is never proper pursuant to Rule 12(b)(1). *See id.* at 820-21 ("Although the district court ultimately concluded that it lacked subject matter jurisdiction because the plaintiffs had failed to plead the state action necessary for maintaining an action pursuant to § 1983—a conclusion that invokes Fed. R. Civ. P. 12(b)(1)—the court should have instead dismissed pursu-

ant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim."). The pre-*Arbaugh* cases on which Defendants rely for the contrary proposition, *see, e.g.*, Robinson v. Bergstrom, 579 F.2d 401, 404 (7th Cir. 1978) ("[W]here state action is found lacking, the section 1983 complaint is properly dismissed for lack of subject matter jurisdiction."), are "'drive-by jurisdictional rulings' that should be accorded 'no precedential effect,'" Arbaugh, 546 U.S. at 511.

In short, Defendants chose an improper vehicle—a Rule 12(b)(1) motion—to assail the merits of Plaintiffs' § 1983 claim. In such situations, the Court has the authority to treat Defendants' motion as one made pursuant to Rule 12(b)(6). *See* Peckmann v. Thompson, 966 F.2d 295, 297 (7th Cir. 1992) ("If a defendant's Rule 12(b)(1) motion is an indirect attack on the merits of the plaintiff's claim, the court may treat the motion as if it were a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted."); *see also* Miller v. Herman, 600 F.3d 726, 732-33 (7th Cir. 2010). Indeed, in their reply brief, Defendants request, in the alternative, dismissal under Rule 12(b)(6). [Filing No. 44, at ECF p. 5.]

The Court must reject Defendants' request. Defendants waived any argument that dismissal is proper under Rule 12(b)(6) by raising it for the first time in their reply brief. *See* Griffin v. Bell, 694 F.3d 817, 822 (7th Cir. 2012) ("[A]rguments raised for the first time in a reply brief are deemed waived."); *see also* Hendricks v. New Albany Police Dep't, 749 F.Supp.2d 863, 872 n.2 (S.D. Ind. 2010). Even if the Court were inclined to look past Defendants' waiver, it would be inequitable to convert Defendants' motion under the present circumstances. This is because "a Rule 12(b)(6) motion must be decided solely on the face of the complaint and any attachments that accompanied its filing." Miller, 600 F.3d at 733. Defendants' opening brief and Plaintiffs' response brief both heavily rely on evidence attached to their briefs—that is, on facts beyond those alleged in the complaint or supported by attachments thereto. [*See* Filing No.

24, at ECF p. 7-8; Filing No. 30, at ECF p. 8-22.] Those arguments are therefore inapplicable to the Rule 12(b)(6) analysis the Court might undertake. The only arguments Defendants explicitly directed at the Rule 12(b)(6) inquiry are those made in their reply brief, [Filing No. 44, at ECF p. 5-13], which means that Plaintiffs were not given an opportunity to respond to them. This lack of opportunity was not of Plaintiffs' creation, as it was Defendants' decision to seek dismissal solely pursuant to Rule 12(b)(1), and, as discussed above, Plaintiffs successfully defended against dismissal on those grounds. For these reasons, the Court concludes that it is inappropriate to treat Defendants' Rule 12(b)(1) motion as a Rule 12(b)(6) motion.[1]

## IV.
### CONCLUSION

For the reasons stated, the Court **DENIES** Defendants' Motion to Dismiss for lack of subject matter jurisdiction. [Filing No. 22.] Because the parties' briefs afford the Court an adequate basis on which to rule without the assistance of oral argument, Plaintiffs' Request for Oral Argument is **DENIED**. [Filing No. 32.] Finally, because the evidence attached to Defendants' Motion to Dismiss did not factor in the Court's decision, Plaintiffs' Motion to Strike that evidence is **DENIED** as moot. [Filing No. 33.]

---

[1] Although neither party requested that Defendants' motion be treated as one for summary judgment, the Court notes that such a conversion is permissible in certain circumstances. *See Miller, 600 F.3d at 732-33*. But the Court cannot convert a motion to dismiss to one for summary judgment when the plaintiff is not given adequate notice, which "is provided when the moving party frames its motion in the alternative as one for summary judgment." *Tri-Gen v. Int'l Union of Operating Eng., Local 150, AFL-CIO*, 433 F.3d 1024, 1029 (7th Cir. 2006); *see also Miller*, 600 F.3d at 733 (converting a Rule 12(b)(1) motion to one for summary judgment because, among other reasons, the defendant framed his initial motion alternatively as one for summary judgment). Defendants filed their motion to dismiss solely pursuant to Rule 12(b)(1) and did not file in the alternative for summary judgment. Therefore, even if Defendants had requested that their motion be treated as one for summary judgment, it would not be appropriate for the Court to do so.

The Court notes that the instant ruling is not one on the merits of Defendants' state action challenge. Given the evidence and argument that was submitted in the briefing of the instant motion, the issue may best be resolved by way of a motion for summary judgment. The Court requests that the magistrate judge conduct an initial pre-trial conference and specifically address with the parties the most efficient process to develop the case.

**Distribution via ECF only to all counsel of record**