UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WILLIAM I. BABCHUK, M.D., AND WILLIAM I. BABCHUK, M.D., P.C. d/b/a COMPREHENSIVE MEDICAL IMAGING,<br>    *Plaintiffs*,<br><br>*vs.*<br><br>INDIANA UNIVERSITY HEALTH, INC., INDIANA UNIVERSITY HEALTH TIPTON HOSPITAL, INC., MICHAEL L. HARLOWE, JOELLEN SCOTT, CARL M. PAFFORD, DIANNA ANDREWS, KEVIN W. CONDICT, MICHAEL E. HARPER, and RICHARD J. YOUNG,<br>    *Defendants*. | 1:13-cv-01376-JMS-DML |

## **ORDER**

Presently pending before the Court is Plaintiffs' Objections to Order Denying Leave to Amend. [Filing No. 72.] For the following reasons, the Court **OVERRULES** the Objections.

### I.
#### BACKGROUND

Plaintiff William Babchuk, M.D. ("Dr. Babchuk") alleges that he is a board certified radiologist, and contracted through Plaintiff William I. Babchuk, M.D., P.C., doing business as Comprehensive Medical Imaging ("CMI"), in 2008 to provide radiology services to Defendant Indiana University Health Tipton Hospital, Inc. ("Tipton Hospital"). [Filing No. 1 at 2.] Dr. Babchuk alleges that in June 2012, his privileges to practice at Tipton Hospital were suspended due to his alleged "fail[ure] to read a radiology study and dictate a report," and his alleged request that "a biller and radiology scheduler…delete a study from a medical record." [Filing No. 1 at 15.]

On July 17, 2012, shortly after the revocation of his privileges, Dr. Babchuk and CMI sued Tipton Hospital, Indiana University Health ("IU Health"), and several Tipton Hospital employees

in Tipton County, Indiana Circuit Court. [*See* Filing No. 63-2 (Chronological Case Summary from *Babchuk v. Tipton Hospital, et al.*, 80C01-1207-PL-000265 (the "State Court Lawsuit")).] The parties stipulated to the dismissal of all claims but one – a breach of contract claim against Tipton Hospital. [Filing No. 63-2 at 5.] Over a year later, on August 29, 2013, Dr. Babchuk initiated this lawsuit in which he asserts claims against IU Health, Tipton Hospital, and several Tipton Hospital employees under 42 U.S.C. § 1983 for violation of his constitutional right to Due Process. [Filing No. 1.]

On May 29, 2014, Dr. Babchuk and CMI filed a Motion to Amend Complaint in this lawsuit, arguing that consolidation of the federal and state law claims would avoid costs associated with multiple lawsuits, would not cause undue delay or prejudice, and was not requested in bad faith or with dilatory motive. [Filing No. 55 at 2-3.] Five days later, on June 3, 2014, Dr. Babchuk and CMI moved to stay the State Court Lawsuit and Defendants moved to dismiss the State Court Lawsuit for failure to prosecute. [Filing No. 63-2 at 5.] The State Court Lawsuit was stayed that same day. [Filing No. 63-2 at 5.]

Defendants filed a Motion for Summary Judgment in this lawsuit on June 19, 2014, arguing among other things that they are not state actors to which 42 U.S.C. § 1983 applies. [Filing No. 64.] Shortly thereafter, on July 1, 2014, the Magistrate Judge in this lawsuit denied Dr. Babchuk's and CMI's Motion to Amend Complaint. [Filing No. 71.] Dr. Babchuk and CMI timely filed their Objections to Order Denying Leave to Amend. [Filing No. 72.]

## II.
### DISCUSSION

In support of their Objections, Dr. Babchuk and CMI argue that Defendants have not met their burden of showing that amendment "is sought in bad faith, that it is futile, or that it would cause substantial prejudice, undue delay or injustice." [Filing No. 72 at 5.] They rehash the same

arguments they made in connection with their Motion to Amend, and assert that the Magistrate Judge did not find undue delay, prejudice, or futility in denying the Motion to Amend Complaint. [[Filing No. 72 at 5](#).] They also argue that the Magistrate Judge based her decision on a belief that if the Court granted the pending Motion for Summary Judgment, it might then "relinquish supplemental jurisdiction of [the] state law claim," but they are not aware of any "authority suggesting that such is a basis to deny a motion to amend." [[Filing No. 72 at 6](#).] Dr. Babchuk and CMI also argue that the Magistrate Judge should not have considered the amount of time the State Court Lawsuit has been pending, but that the only proper consideration in the amendment analysis is the time between filing the Complaint and the Motion to Amend Complaint in this case. [[Filing No. 72 at 7](#).] Additionally, they assert that the exercise of supplemental jurisdiction is required under [28 U.S.C. §1367(c)](#) unless the Court finds that an exception applies, and the Magistrate Judge did not find an exception, which "is sufficient to warrant the setting aside of the Order." [[Filing No. 72 at 8](#).] In the alternative, Dr. Babchuk and CMI request that they be permitted to seek leave to file their amended complaint after the Court has ruled on Defendants' Motion for Summary Judgment. [[Filing No. 72 at 10](#).]

In response, Defendants argue that the Magistrate Judge properly concluded that the interests of justice did not support amendment because she noted that the State Court Action had been pending for two years and Dr. Babchuk and CMI chose to bring their breach of contract claim there, the breach of contract claim could have been added earlier, Dr. Babchuk and CMI are not "subject to any injustice" due to denial of leave to amend because they chose to file it in state court, leave to amend would create a risk of inconsistent judgments, and the Magistrate Judge concluded that allowing amendment would create a burden on the federal system, given the pending Motion for Summary Judgment on the only federal claim. [[Filing No. 73 at 6-9](#).] Defendants also note

that the Magistrate Judge did not find that it would be improper to exercise supplemental jurisdiction over the breach of contract claim, so there was no reason for the Magistrate Judge to "ma[k]e a finding that one of the exceptions enumerated in 28 U.S.C. § 1367(c) was applicable." [Filing No. 73 at 9.]

The district court's review of any decision by a magistrate judge on a non-dispositive motion is governed by Rule 72(a) of the Federal Rules of Civil Procedure. A motion to amend a pleading is considered a non-dispositive motion. *Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 595 (7th Cir. 2006). The district court should not modify or set aside a magistrate judge's ruling on a non-dispositive motion unless the ruling is contrary to law or the factual findings are clearly erroneous. Fed. R. Civ. P. 72(a). A finding is clearly erroneous when, after considering the entire record, the reviewing court has been definitely and firmly convinced that a mistake has been made. *Kidd v. Illinois State Police*, 167 F.3d 1084, 1095 (7th Cir. 1999). A decision whether to allow amendment of a complaint under Fed. R. Civ. P. 15 is highly discretionary. *Vitrano v. United States*, 643 F.3d 229, 234 (7th Cir. 2011) ("district courts are vested with…wide discretion when it comes to evaluating the merits of Rule 15(a)(2) motions to amend").

In denying the Motion to Amend Complaint, the Magistrate Judge found that:

· The State Court Lawsuit "has been dormant for quite some time," no discovery has taken place, and no trial date has been set;

· This lawsuit is "now focused on deciding a threshold issue on the merits of Dr. Babchuk's claim against the defendants under 42 U.S.C. § 1983";

· "If the court were to allow Dr. Babchuk to amend and bring a breach of contract claim but then decide the section 1983 issue in the defendants' favor, the court probably would decline to continue exercising supplemental jurisdiction over Dr. Babchuk's state law claim";

· "Discovery would not have proceeded in earnest regarding [the state law claim] and the parties and the court would not have focused their efforts on the state law claim";

- The Court would not allow amendment, "particularly where Dr. Babchuk brought that same state law claim nearly two years ago in state court"; and

- "The interests of justice do not support amendment in this case."

[Filing No. 71.]

The Court finds the Magistrate Judge's reasoning and conclusion to be proper, and not clearly erroneous. The Magistrate Judge noted that the State Court Action has been pending for over two years, "has been dormant for quite some time," and that Tipton Hospital has moved to dismiss it for failure to prosecute. This reflects that the Magistrate Judge considered the undue delay of the amendment,[1] and also perhaps bad faith in seeking to avoid the motion to dismiss the State Court Action. *See Orix Credit Alliance, Inc. v. Taylor Machine Works, Inc.*, 125 F.3d 468, 480 (7th Cir. 1997) (court may deny amendment when there is "undue delay, bad faith or dilatory motive on the part of the movant….").

The Magistrate Judge also considered a practical question – if amendment were allowed, what would happen to the breach of contract claim in the event the Court grants summary judgment on the only federal claim? The Magistrate Judge's answer to that question was correct: the Court likely would not exercise supplemental jurisdiction over the breach of contract claim. *See Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999) ("It is well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial"); *Khan v. State Oil Co.*, 93 F.3d 1358, 1366 (7th Cir.

---

[1] While the typical undue delay analysis considers the time between filing the complaint and seeking leave to amend in the same lawsuit, the situation here is not typical. There is nothing erroneous about the Magistrate Judge considering the long time period between the initiation of the State Court action and the filing of the Motion to Amend Complaint in this case. Both events were in pursuit of the same breach of contract claim against the same party.

1996). Defendants have not pointed to any authority suggesting that this was improper to consider, and the Court finds that it was, in fact, proper. Dr. Babchuk and CMI chose to bring their breach of contract claim in state court, chose not to prosecute that claim for two years, and chose not to make that claim part of this lawsuit initially. They cannot now circumvent the possible consequence of those choices (*e.g.*, potential dismissal of the State Court Action for failure to prosecute) by seeking to amend their lawsuit here, with a Motion for Summary Judgment pending on the only claim that confers jurisdiction over this lawsuit.

The Magistrate Judge's denial of the Motion to Amend was correct and consistent with legal precedent and the unique circumstances of this case. The Court finds that the decision was not contrary to law nor clearly erroneous, and overrules Dr. Babchuk's and CMI's Objections.

Dr. Babchuk and CMI have asked the Court to amend the Magistrate Judge's order to "clarify that Plaintiff may seek leave to file his amended complaint after the Court has ruled on Defendants' summary judgment motion." [Filing No. 72 at 10.] The Court declines to amend the Magistrate Judge's Order, particularly since it does not appear that Dr. Babchuk and CMI requested this alternative relief in their Motion to Amend Complaint. [*See* Filing No. 54; Filing No. 55; Filing No. 63.] The Court cautions Dr. Babchuk, CMI, and their counsel, however, that if Dr. Babchuk and CMI decide to move to amend their Complaint to add the breach of contract claim after the Court has ruled on the pending Motion for Summary Judgment, they must ensure that doing so – in light of the Court's rulings thus far and any developments in the State Court Action – would comply with Fed. R. Civ. P. 11 and 28 U.S.C. § 1927.

### III.
#### CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiffs' Objections to Order Denying Leave to Amend. [Filing No. 72.]

10/17/2014

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**